UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HECTOR ARMENTA-CARDENAS,<br><br>Petitioner/Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent/Plaintiff. | NO. C05-5659FDB<br>CR01-5641JET<br><br><br><br>ORDER |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion for Reduction of Sentence under 18 U.S.C. §3582(c)(2).

Defendant seeks a reduction of his sentence under 18 U.S.C. §3582(c)(2), claiming that his sentence was improperly enhanced "by two points for allegedly possessing a firearm in the underlying criminal drug offense." (Defendant's Motion, p. 2).

Having considered the entirety of the records and file herein, the Court finds and rules as

- 1

follows:

    18 U.S.C. §3582(c)(2) provides in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that-- (2) in the case of a defendant who has been sentenced to a term of imprisonment <u>based on a sentencing range that has subsequently been lowered by the Sentencing</u> Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statement issued by the Sentencing Commission.

Title 18, United States Code, Section 3582(c)(2) (emphasis added).

    Defendant's reliance on Amendment 599 is misplaced. Sentencing guidelines Amendment 599 clarifies under what circumstances Defendants sentenced for violations of §924(c), in conjunction with convictions for other offenses, may receive weapons enhancements for those other offenses. Amendment 599 expands the commentary to USSG section 2K2.4, which applies only to certain firearms offenses, including violations of §924(c)(1).

    On May 3, 2002, Defendant pleaded guilty to Count 1 of an Indictment charging him with possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Count 2 of the indictment charged possession of a firearm during and in furtherance of a drug trafficking offense in violation of 18 U.S.C. §924(c)(1). However, count 2 was dismissed at sentencing pursuant to the plea agreement. (Plea Agreement Dkt. No. 55; CR01-5641JET). Defendant was sentenced solely on count 1, and his sentence range calculated under USSG §2D1.1(b)(1), not §2K2.4. The United States Sentencing Commission has not lowered the sentencing range applicable to guideline §2D1.1(b)(1). Therefore, Defendant is not entitled to a sentence reduction under §3582(c)(2).

    Furthermore, Defendant's reliance on <u>Booker v. Washington</u>, is misplaced. <u>Booker</u> does not apply retroactively to cases on collateral review. <u>United States v. Cruz</u>, 423 F.3d 1119, 1120 (9th Cir. 2005), and Defendant's claims are DISMISSED.

    IT IS SO ORDERED.

- 2

The clerk of the court is instructed to send uncertified copies of this Order to all counsel of record.

DATED this 30th day of March, 2006.

*[signature]*

The Honorable Franklin D. Burgess
United States District Judge

- 3